

Christopher D. Banys
cdb@banyspc.com
Banys, PC
1032 Elwell Court, Suite 100
Palo Alto, CA 94303
Tel: 650-308-8505
Fax: 650-353-2202

June 9, 2015

## *VIA ELECTRONIC CASE FILES (ECF)*

Magistrate Judge Paul Singh Grewal
San Jose Courthouse, Courtroom 5- 4th Floor
280 South 1st Street
San Jose, California 95113

**Re:**   ***PDS, TPL, and Patriot Scientific vs. Samsung (Case No. 3:12-cv-03877-VC), LG (Case No. 3:12-cv-03880-VC), Nintendo (Case No. 3:12-cv-03881-VC), Barnes & Noble (Case No. 3:12-cv-03863-VC), ZTE (Case No. 3:12-cv-03876-VC), Garmin (Case No. 3:12-cv-03870-VC), Huawei (Case No. 3:12-cv-03865-VC), and Novatel (Case No. 3:12-cv-03879-VC)***

Dear Judge Grewal,

On behalf of Plaintiffs in the above-mentioned cases, PDS, TPL, and Patriot Scientific, I write to respectfully request that the Court enter an order regarding resolution of discovery and other non-dispositive disputes, and example of which is attached hereto.  Currently, there are several disputes between Plaintiffs and the Defendants regarding a variety of discovery issues.  Unfortunately, despite substantial meet and confer efforts, Plaintiffs may need to file several motions to compel the production of documents, while Samsung has stated it plans on filing a motion to strike Plaintiffs' infringement contentions.  Other Defendants may very well follow suit.  Instead of proceeding under the rules governing such motion practice found in the Civil Local Rules and Federal Rules of Civil Procedure, I ask the Court enter an order similar to the one attached hereto in order to save the Court and parties from the expense of such traditional procedures in favor of what I believe to be a more streamlined and efficient procedure for handling such disputes.

I have personally seen how this Court's letter briefing process has worked to save everyone involved time and money.  Instead of long briefs setting forth the parties' positions, the letter briefing process worked to focus the parties' disputes in a manner for quick determination by the Court.  In my experience, this quick and efficient process has served the interest of justice, saved the litigants time and money, and most likely cut the Court's burden in handling these disputes.

In the current cases, following the traditional motion schedule will leave Plaintiffs with very little time to complete discovery. The current fact discovery cut-off is set for September 8, 2015. Samsung's planned motion to strike is schedule for a hearing on July 21, 2015. Samsung stated that this is the first hearing date available under the established procedures. Assuming that Plaintiffs' motion to compel is heard at the same time as Samsung's motion, Samsung and Plaintiffs would only have a little over a month to resolve their issues before the discovery cut-off.

Plaintiffs' counsel alerted the above-named Defendants' counsel last Thursday and told them via email that they would be asking the Court implement the letter briefing process described in the order attached to this letter. Plaintiffs' counsel also asked for a response by noon PDT today as to their position concerning this issue. As of this moment, Plaintiffs' counsel has not heard back from any of the Defendants as to whether they agree or oppose entry of an order implementing the letter briefing process. Samsung notified Plaintiffs yesterday of its intent to file a motion to strike Plaintiffs' infringement contentions.

Currently, no discovery related motions are pending. In order to allow all the parties to complete their discovery in the allotted time, I respectfully ask the Court to set in place a letter briefing process that the parties' respective disputes can be addressed quickly and efficiently.

Yours Truly,

_____/s/_____

Christopher D. Banys